Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| **FELIX ALBERT LEBRÓN YERO**<br><br>Peticionario<br><br>v.<br><br>**FILIBERTO LEBRÓN RODRÍGUEZ Y OTROS**<br><br>Recurridos | KLCE202500094 | **CERTIORARI**<br>Procedente del Tribunal de Primera Instancia, Sala Superior de **San Juan**<br><br>Caso Núm.:<br>**SJ2022CV05888**<br><br>Sobre: **DAÑOS** |

Panel integrado por su presidenta la Juez Domínguez Irizarry, el Juez Ronda del Toro y el Juez Pérez Ocasio

Pérez Ocasio, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 25 de febrero de 2025.

Comparece ante nos Félix Albert Lebrón Yero, en adelante Lebrón Yero o peticionario, solicitando que se revoque la *Resolución Interlocutoria* del 17 de enero de 2025, del Tribunal de Primera Instancia, Sala Superior de San Juan, en adelante TPI-San Juan. Mediante la resolución recurrida, el Foro Primario paralizó el descubrimiento de prueba.

Por los fundamentos que expondremos a continuación, *denegamos expedir el recurso de autos.*

### I.

El 1 de julio de 2022, Lebrón Yero, presentó una *"Demanda"* por daños y perjuicios y apropiación ilegal, contra los hermanos Lebrón Rodríguez, entre otros, en adelante recurridos o hermanos Lebrón Rodríguez. Más adelante, la demanda fue enmendada por primera vez el 13 de marzo de 2024.[1]

Luego, el 14 de marzo de 2024, el TPI-San Juan emitió una *"Resolución y Orden"*, concediéndole un término de treinta (30) días

---

[1] SUMAC, Entrada Núm. 75.

a los recurridos para asumir una postura sobre la *"Demanda Enmendada".*[2] Mediante esta misma orden, el TPI-San Juan ordenó la paralización del descubrimiento de prueba "para atender los pormenores de la presentación de la *Demanda Enmendada*", haciendo la aclaración de que una vez esto ocurriera se suspendería la paralización.[3] Sin embargo, el 24 de mayo de 2024, el peticionario volvió a enmendar su demanda.[4]

El 27 de junio de 2024 los recurridos presentaron una *"Moción de Desestimación de Segunda Demanda Enmendada (Archivo Núm. 94)".*[5] Al día siguiente, los recurridos presentaron una *"Moción de Desestimación de Segunda Demanda y Solicitud de Sentencia Declaratoria (Doc. Núm. 94) y uniéndose a Moción de Desestimación radicada por los Codemandados (Doc. Núm. 96)".*[6] Posteriormente, el 16 de octubre de 2024 el Foro Primario emitió una notificación, en la que indicó lo siguiente: "[s]e entiende sometido este asunto para la consideración del Tribunal", con relación a la solicitud de desestimación ante sí.[7]

Así las cosas, el 17 de octubre de 2024, Lebrón Yero presentó una *"Moción en Solicitud de Orden"* solicitando que el Foro Primario ordenara la reanudación del descubrimiento de prueba mientras se dilucidaba la Moción de Desestimación presentada por la parte recurrida.[8] El 1 de noviembre de 2024 los recurridos presentaron una *"Oposición a Moción en Solicitud de Orden (Archivo Núm. 112)".*[9]

El 20 de diciembre de 2024 el peticionario presentó una *"Moción Recurrente en Solicitud de Orden sobre Descubrimiento de Prueba"* ratificando su posición en que se reanudara el

---

[2] Apéndice del recurso, pág. 125.
[3] *Id.*
[4] *Id.*, pág. 9.
[5] *Id.,* pág. 27.
[6] *Id.*, pág. 111.
[7] SUMAC, Entrada Núm. 111.
[8] Apéndice del recurso, pág. 126.
[9] *Id.,* pág. 129.

descubrimiento de prueba mientras el Foro Primario dilucidaba la petición de desestimación presentada previamente.[10] El 23 de diciembre de 2024 la parte recurrida presentó una *"Oposición a Moción Recurrente en Solicitud de Orden sobre Descubrimiento de Prueba (Archivo Núm. 115)"*.[11]

El 17 de enero de 2025 el TPI-San Juan emitió una *"Resolución Interlocutoria"* ratificando la paralización del descubrimiento de prueba, mediante la orden del 14 de marzo de 2024.[12] Inconforme, el peticionario acude ante nos y hace el siguiente señalamiento de error:

> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA Y ABUSÓ DE SU DISCRECIÓN AL DENEGAR UNA SOLICITUD DE LA PARTE DEMANDANTE QUE SUPLICA POR EL LEVANTAMIENTO DE UNA ORDEN QUE MANTIENE PARALIZADO EL DESCUBRIMIENTO DE PRUEBA A LA ESPERA DE UNA RESOLUCIÓN SOBRE LAS MOCIONES DE DESESTIMACIÓN, A PESAR DE QUE DICHAS MOCIONES NO TIENEN EL EFECTO JURÍDICO DE SUSPENDER EL CURSO ORDINARIO DEL CASO, LO QUE RESULTA CONTRARIO A DERECHO, CONSTITUYE UNA VIOLACIÓN AL DEBIDO PROCESO DE LEY, DEL PRINCIPIO FUNDAMENTAL DE UNA JUSTICIA RÁPIDA Y ECONÓMICA, Y GENERA UNA DILACIÓN INJUSTIFICADA QUE PERJUDICA GRAVEMENTE A LA PARTE PETICIONARIA.

Luego de evaluar el recurso ante nos, procedemos a expresarnos.

**II.**

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 846-847 (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021); *800 Ponce de León v. AIG*, 205 DPR 163, 174-175 (2020). Ahora bien, tal discreción no opera en lo abstracto. Con respecto a lo anterior y para revisar los

---

[10] Apéndice del recurso, pág. 133.
[11] *Id.,* pág. 136.
[12] *Id.,* pág. 1.

dictámenes interlocutorios del Tribunal de Primera Instancia, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone, en su parte pertinente, lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.
>
> [. . .]

Según se desprende de la citada Regla, este foro apelativo intermedio podrá revisar órdenes interlocutorias discrecionalmente, cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia o que revistan interés público, o en aquellas circunstancias en las que revisar el dictamen evitaría un irremediable fracaso de la justicia, entre otras contadas excepciones. *Mun. de Caguas v. JRO Construction,* 201 DPR 703, 710-711 (2019).

Luego de auscultar si el recurso discrecional cumple con las disposiciones de la Regla 52.1 de Procedimiento Civil, supra, el tribunal procederá a evaluar el recurso a la luz de la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40. La mencionada Regla expone los criterios que esta Curia deberá

considerar para ejercer sabia y prudentemente su decisión de atender o no las controversias ante sí. *IG Builders et al. v. BBVA PR,* 185 DPR 307, 338-339 (2012); *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 96-97 (2008). Véase, además, *Rivera et al. v. Arcos Dorados et al.*, supra; *Pueblo v. Rivera Montalvo,* 205 DPR 352, 372 (2020).

Así, la Regla 40 del Reglamento del Tribunal de Apelaciones, supra, funge como complemento a la Regla 52.1 de Procedimiento Civil, *supra. Torres González v. Zaragoza Meléndez,* supra. La precitada Regla dispone lo siguiente:

> El [T]ribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A)　Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B)　Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C)　Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D)　Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E)　Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.
>
> (F)　Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G)　Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.
>
> 4 LPRA Ap. XXII-B, R. 40.

Sin embargo, ninguno de los mencionados criterios es determinante por sí solo para este ejercicio y no constituye una lista exhaustiva. *García v. Padró,* 165 DPR 324, 335 (2005). Por lo que, de los factores esbozados "se deduce que el foro apelativo intermedio evaluará tanto la corrección de la decisión recurrida, *así como la*

*etapa del procedimiento en que es presentada;* esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty*, supra, pág. 97. (Énfasis omitido).

Nuestro Tribunal Supremo ha expresado también que, de ordinario, el tribunal revisor "no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial*". W.M.M, P.F.M. et. al. v. Colegio, et. al.*, 211 DPR 871, 902-903 (2023), *Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). Véase, además, *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

**III.**

Los peticionarios nos plantean que el TPI-San Juan incidió en error y abuso de discreción al ratificar la orden que mantiene paralizado el descubrimiento de prueba a la espera de una resolución sobre las mociones de desestimación.

Luego de un examen sosegado del expediente ante nos, y la norma estatuaria y jurisprudencial, colegimos que no existe criterio jurídico que amerite nuestra intervención con la decisión del Foro Primario. Entendemos que el Foro Primario no incurrió en error de derecho ni abuso de discreción al negarse a levantar la paralización del descubrimiento de prueba.

Sin embargo, conviene recordar que la Regla 1 de las Reglas de Procedimiento Civil, supra, exhorta a los tribunales a velar por

que los procesos se manejen "de forma que garanticen una solución justa, rápida y económica". Por su parte, nuestro Alto Foro también se ha expresado sobre la importancia del rol judicial para garantizar lo último. A estos efectos, ha expresado que "los jueces tienen que mantenerse alertas al potencial que existe para el abuso, ya sea por el uso inadecuado o excesivo de los mecanismos de descubrimiento de prueba". *Vellón v. Squibb Mfg., Inc.*, 117 DPR 838, 849 (1986). Por eso, la responsabilidad de los tribunales de "intervenir mediante la emisión de guías y órdenes apropiadas para conjurar los problemas en sus inicios", es de gran envergadura. *Id.* Siendo así, "se considera deseable el control judicial desde bien temprano en el proceso". *Id.,* pág. 850.

Finalmente, hacemos eco de las siguientes expresiones de nuestro Tribunal Supremo:

> El hecho de que las reglas le hayan impuesto a los abogados de las partes mayor responsabilidad en relación con el uso de los mecanismos de descubrimiento de prueba ***no releva al tribunal de su deber de velar por que los procedimientos garanticen la solución justa, rápida y económica de los casos.***
>
> *Lluch v. España Service Sta.* 117 DPR 729, 744 (1986).
> (Énfasis nuestro).

## IV.

Por los fundamentos que anteceden, *denegamos expedir el recurso de autos.*

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones